UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO CRUZ VALLADARES,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.:  26-CV-4110 JLS (DEB)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Leonardo Cruz Valladares's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 4).

Petitioner, a Guatemalan national, has resided in the United States since 1994 and alleges that he has been detained since June 11, 2026, when he was arrested on his way home from work.  Pet. ¶¶ 58–60.  Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1]  Ret. at 2.  Respondents acknowledge

---

[1] On March 6, 2026, the Ninth Circuit granted an administrative stay of the *Bautista* decision "insofar as the district court's judgment extends beyond the Central District of California."  *Maldonado Bautista, et*

1

that, while *Bautista* is stayed, "prior orders from this District direct[] bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases." *Id.*  Respondents "therefore do not oppose an Order requiring such a hearing for Petitioner." *Id.*  Therefore, the Petition (ECF No. 1) is **GRANTED IN PART**.[2]

### CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **ORDERS** the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days, unless Petitioner, the non-citizen, requests a continuance.  Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.  The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).  The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.

The Parties **SHALL FILE** a status report informing the Court of the outcome of the hearing or informing the Court of Petitioner's request for a continuance by August 13, 2026.  The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  July 23, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

*al. v. United States Department of Homeland Security, et al.*, No. 26-1044, ECF No. 5 (9th Cir. March 6, 2026).  Therefore, the Court resolves the Petition without reliance on *Maldonado Bautista*.

[2] The Court declines to address Petitioner's arguments surrounding the neutrality of immigration judges generally.  If Petitioner is denied bond, Petitioner can amend his Petition and raise these arguments.  *See Singh v. LaRose*, No. 26-CV-1425 JLS (GC), 2026 WL 1387428 (S.D. Cal. May 18, 2026).

26-CV-4110 JLS (DEB)